STATE of Minnesota, Respondent,

v.

Kenneth LANGE, Appellant.

No. C4–84–1712.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, John K. Carlson, Pine County Atty., Pine City, for respondent.

John J. Scanlan, Hinckley, for appellant.

Heard, considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

Appellant appeals his conviction of receiving stolen property entered on July 25, 1984. We affirm.

## FACTS

On March 22, 1984, Pine County Sheriff D.E. Spindler stopped David Cavallin's car when he observed it rolling through a stop sign in Pine City. As Spindler approached the car he noticed a handgun in a holster lying on the front passenger seat. Cavallin told Spindler that he purchased the handgun for $185 from defendant Kenneth Lange, a classmate of his at the vocational institute in Pine City. Spindler noticed the gun's serial numbers had been partially ground down and were no longer recogniz-able. He then seized the gun from Cavallin.

Later, Officer Spindler called Lange, who said he knew nothing of the handgun or of its sale to Cavallin.

Spindler sent the gun to the Bureau of Criminal Apprehension for identification of the serial numbers. The Bureau was able to raise the serial numbers and cross-match them with their computer records. The numbers on the seized gun matched those of a gun reported stolen from David Breyer in February, 1982.

On April 2, 1984, Spindler spoke with Lange's nephew Kevin Shellito. Shellito told Spindler that his uncle had a gun for sale and that it did not have serial numbers. He did not know where his uncle had purchased the weapon. He also told Spindler that he had attempted to sell his uncle's gun for two to three weeks before it was recovered. In an effort to sell the gun, Shellito contacted David Cavallin at the Pine City Technical Institute who expressed interest in purchasing it.

Appellant was charged with and convicted of receiving stolen property in violation of Minn.Stat. § 609.53, subd. 1(3). He appeals, claiming insufficient evidence to support the conviction.

## ISSUES

1. Is there sufficient evidence to support the jury verdict against Lange?

2. Did the trial court err in admitting David Cavallin's testimony?

3. Was there improper reference by the prosecutor to a witness the State was unable to subpoena?

## ANALYSIS

1. In reviewing the sufficiency of the evidence for a criminal conviction, this court "must ascertain whether a jury could reasonably conclude that the defendant was guilty of the offense charged given the facts and the record and the legitimate inferences which can be drawn from the facts. This court must examine the evidence in the light most favorable to the

state, [and assume] the jury believed the evidence supporting the conviction and disbelieved the contrary * * *." *State v. Dillard*, 355 N.W.2d 167, 171–172 (Minn.Ct. App.1984) (citations omitted).

Sufficient facts exist to support the jury's verdict. Cavallin testified that when he purchased the gun, Lange told him that he did not want any trouble with the law. He further testified that Lange repeated to him to "keep the gun hidden" until after the sale was completed.

Officer Spindler testified that when he asked Lange to explain the missing serial numbers, Lange refused to do so, denying any involvement with the sale of the gun.

Finally, the State introduced the testimony of Roger Papke, a crime lab analyst with the Bureau of Criminal Apprehension. Papke testified that the serial numbers he raised on the handgun matched those of a gun reported stolen in a burglary on February 7, 1982. The gun was identified as belonging to Breyer, who testified that it was stolen from his trailer house in January of 1982.

Testimony offered by the defense does not refute the State's claim. Appellant maintains he received the gun in a trade with James Randall in October of 1982. Randall testified, however, that he bought the gun either in late 1981 or early 1982 and kept it for one and a half years, making it impossible for Lange to have received the gun from Randall in October 1982 as he claims.

When viewed in a light most favorable to the State, the evidence is sufficient to sustain the conviction for receiving stolen property.

2. Appellant argues that he should have received notice of David Cavallin's testimony as it related to admissions made by appellant and that failure by the prosecutor to do so constitutes grounds for a new trial. The prosecution provided the defense with all police reports and the taped statement of Cavallin. Minn.R.Crim. Pro. 9.01, subd. (1). The admissions were not contained in the furnished reports or statement. There is no indication the prosecutor knew of them. Cavallin testified that appellant told him to keep the gun hidden because he did not want any trouble with the police. The trial court did not err in admitting his testimony.

3. Appellant contends the prosecutor's reference to his nephew Kevin Shellito was improper because the state was unable to subpoena him as a witness. Prosecutorial misconduct results in a new trial only when it is "inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied." *State v. Wahlberg*, 296 N.W.2d 408, 420 (Minn. 1980). Reference by the prosecution to an unavailable witness was not prejudicial. There is substantial evidence in the record, without reference to Shellito, to sustain appellant's conviction.

### DECISION

Appellant was not denied a fair trial and the evidence was sufficient to sustain his conviction.

Affirmed.